IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| POLIMEROS TECNOLOGIA, S.A. (POLYTEC), § § § Plaintiff, § § v. § § MAERSK SEALAND, § § Defendant. § | CIVIL ACTION NO. H-05-0696 |

MEMORANDUM AND ORDER

Pending is Defendant Maersk Sealand's Motion for Summary Judgment (Document No. 11). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

I. Background

This is an admiralty case.[1] Plaintiff Polimeros Y Tecnologia, S.A. ("Plaintiff") brings this suit against Defendant Maersk Sealand ("Defendant") to recover for the loss of a container of polyethylene plastic (the "Cargo") shipped under a through bill of lading, No. SJ1462773 (the "Bill of Lading"), from Houston, Texas to Guatemala City, Guatemala via the M/V ARA J, a vessel owned and

---

[1] The Supreme Court recently confirmed that multi-modal carriage contracts like the one at issue in this case are maritime in nature because a substantial part of the contemplated transport involved ocean carriage. See Norfolk S. Railway Co. v. Kirby, 125 S. Ct. 385, 393-95 (2004).

operated by Defendant. The Cargo arrived at the Port of Santo Tomas de Castilla, Guatemala without incident and was discharged from the vessel and loaded onto a truck for inland carriage. During the course of inland carriage, however, the Cargo was hijacked and has not been recovered. Consequently, Plaintiff has sustained $23,776 in damages, the value of the lost Cargo. Plaintiff made a demand on Defendant for this amount, but Defendant refused to pay based on a disclaimer of liability provision (the "Disclaimer") contained in the Bill of Lading, which states:

> The carrier shall have no liability whatsoever arising out of or in connection with the acts of any person who unlawfully, by the use of force or threats of any kind, damages, seizes, or exercises control over the Goods, over any Sub-Contractor, or over any means of transportation or storage of the Goods.

Document No. 11 ex. 2-A. The parties agree that the sole issue in this case is the enforceability of this contractual term.

Defendant moves for summary judgment, arguing that the Disclaimer applies to relieve Defendant of any liability for Plaintiff's loss. In response, Plaintiff argues that the Disclaimer is not enforceable because it conflicts with the United States Carriage of Goods By Sea Act ("COGSA"), which renders null, void, and of no effect "[a]ny clause, covenant or agreement in a contract of carriage relieving the carrier . . . from liability for loss or damage to or in connection with the goods . . . or lessening such liability otherwise than provided in this chapter"

while the goods are on board the vessel, *see* 46 U.S.C. app. § 1303(8), and which the Bill of Lading expressly extends to the entire period during which the Cargo was in Defendant's custody.

## II.  Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  In this case, the material facts are undisputed, and construction of the Bill of Lading is "purely a legal issue."  *See* Gonzales v. Denning, 394 F.3d 388, 392 (5th Cir. 2004).

## III.  Discussion

COGSA applies with statutory, compulsory force to contracts for the carriage of goods from the United States to a foreign port from the time the goods are loaded onto a vessel until they are discharged--that is, during the "tackle-to-tackle" period.  *See* 46 U.S.C. app. §§ 1301(e), 1312; Foster Wheeler Energy Corp. v. AN NING JIANG M/V, 383 F.3d 349, 355 (5th Cir. 2004); Seguros Comercial Ams. S.A. de C.V. v. Am. President Lines, Ltd., 910 F. Supp. 1235, 1240 (S.D. Tex. 1995) (Lake, J.), *vacated on other*

3

*grounds*, 105 F.3d 198 (5th Cir. 1996).  Although COGSA does not apply *ex proprio vigore* to incidents outside of the tackle-to-tackle period, <u>i.e.</u> off the vessel, *see* <u>Croft & Scully Co. v. M/V Skulptor Vuchetich</u>, 664 F.2d 1277, 1280 n.7 (5th Cir. 1982), parties can, in their contract of carriage, agree to extend the applicability of COGSA beyond the tackle-to-tackle period--that is, to potential damage on land as well as on sea, *see* <u>Foster</u>, 383 F.3d at 355; 46 U.S.C. app. § 1307.  In such cases, COGSA operates merely as a contractual term, and its provisions can be modified by other language in the bill of lading.  *See* <u>Foster</u>, 383 F.3d at 355-56 ("'As a rule adopted by and in a contract,' COGSA's provisions are merely contractual terms that are 'modifiable by other language contained in the bill of lading.'") (quoting <u>Hartford Fire Ins. Co. v. Orient Overseas Containers Lines</u>, 230 F.3d 549, 558 (2d Cir. 2000)); <u>Seguros</u>, 910 F. Supp. at 1243.

In this case, it is uncontroverted that (1) the hijacking of Plaintiff's Cargo occurred outside the tackle-to-tackle period, such that COGSA did not apply *ex proprio vigore*; (2) the Bill of Lading contains a provision incorporating and extending the applicability of COGSA to the entire period during which the Cargo was in the custody of Defendant and its subcontractors, such that COGSA did apply as a contractual term at the time of the

hijacking;[2] and (3) the hijacking of Plaintiff's Cargo falls within the scope of the Disclaimer.  Because COGSA was not compulsorily applicable at the time of the hijacking, the parties were entitled modify COGSA's terms by other language in the Bill of Lading for the inland portion of the transportation.  Plaintiff argues, however, that because the Disclaimer is inconsistent with § 1303(8) of COGSA, the Disclaimer is null and void and of no effect. Defendant disagrees and argues that the Disclaimer is a permissible modification of COGSA's terms.  Thus, the Court must determine whether and to what extent the Disclaimer should be given effect. This is a question of contract interpretation to which federal law applies.  *See* Norfolk, 125 S. Ct. at 395-96.

"Federal courts sitting in admiralty adhere to the axiom that 'a contract should be interpreted so as to give meaning to all of its terms--presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous.'" Foster, 383 F.3d at 354 (quoting Mannesman Demag Corp. v. M/V CONCERT EXPRESS, 225 F.3d 587, 594 (5th Cir. 2000)); *see also*

---

[2] Specifically, the Bill of Lading provides in pertinent part that in that "[w]here the stage of Carriage where the damage occurred is known . . . the liability of the carrier in respect of such loss or damage shall be determined . . . (b) in the case of shipments to or from the United States of America by the provisions of US COGSA if the loss or damage is known to have occurred . . . during Carriage to or from a container yard or container freight station in or immediately adjacent to the sea terminal at the Port of Loading or of Discharge in ports of the USA."  Document No. 11 ex. 2-A ¶ 6.2(b)

5

Chembulk Trading LLC v. Chemex Ltd., 393 F.3d 550, 555 (5th Cir. 2004) ("A basic principle of contract interpretation in admiralty law is to interpret, to the extent possible, all the terms in a contract without rendering any of them meaningless or superfluous."). "Moreover, it is well established that 'a freely negotiated private international agreement, unaffected by fraud, undue influence, or overwhelming bargaining power . . . should be given full effect.'" Foster, 383 F.3d at 354-55 (citations omitted). "In a situation of potential contract ambiguity, an interpretation that gives a reasonable and effective meaning to all terms of a contract is preferable to one that leaves a portion of the writing useless or inexplicable." Id. at 358 (quoting Hartford, 230 F.3d at 558).

The most reasonable interpretation of the provisions in the Bill of Lading extending application of COGSA to inland carriage and disclaiming Defendant's liability for seizure of the Cargo by unlawful use of force or threats--and the only interpretation that gives effect to both provisions without rendering one meaningless or superfluous--is that COGSA's liability provisions apply to all loss or damage sustained by Plaintiff's Cargo during inland carriage (e.g., loss or damage arising out of a trucking accident), *except* for loss or damage "arising out of or in connection with the acts of any person who unlawfully, by the use of force or threats of any kind, damages, seizes, or exercises control over the Goods,

over any Sub-Contractor, or over any means of transportation or storage of the Goods."  Defendant therefore has no liability for the inland loss of the Cargo to hijackers.

Plaintiff has neither argued nor presented evidence that the Disclaimer was affected by fraud, undue influence, or overwhelming bargaining power, and Plaintiff has not advanced any other reason why the Disclaimer should not be enforced as written.  Thus, the Court concludes that the Disclaimer is fully enforceable, and because the loss of Plaintiff's Cargo falls squarely within the scope of the Disclaimer, Defendant is entitled to judgment as a matter of law.

## IV.  Order

Accordingly, it is

ORDERED that Defendant Maersk Sealand's Motion for Summary Judgment (Document No. 11) is GRANTED, and Plaintiff's case is DISMISSED on the merits.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 28th day of November, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE